UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS K. MOORE,                      Case No. 4:06-CV-42

        Plaintiff,                             Hon. Richard Alan Enslen

v.

JUDGE QUIST,

        Defendant.
_____/

**JUDGMENT**

Plaintiff has initiated the present action against the Honorable Gordon J. Quist. The Court has granted Plaintiff's motion to proceed as a pauper in this matter. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On April 3, 2006, Plaintiff initiated an action in this Court against the State of Ohio, as well as its governor, Robert Taft. *Moore v. State of Ohio*, 4:06-cv-31 (W.D. Mich.). This case was

assigned to Judge Quist, who, on April 13, 2006, dismissed Plaintiff's action as frivolous (among other grounds).  In the present action, Plaintiff takes issue with the decision by Judge Quist to dismiss that action.  Specifically, Plaintiff faults Judge Quist for characterizing his lawsuit as frivolous "with out knowing all the facts."  Plaintiff asserts that "the reason I didn't include all the facts was, because I thought I could bring them in at [a] later date, since I had forgot them in my friend[']s van."

Plaintiff's Complaint must be dismissed for at least two reasons.  First, Judge Quist enjoys absolute judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001).  Furthermore, Plaintiff has asserted no facts which, if proven, would entitle him to relief under any theory.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Thomas K. Moore's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 12, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |